Compiler

FILED
SUPERIOR COURT
OF GUAM

2013 OCT 11 PM 2: 51

CLERK OF COURT

BY: _____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM<br><br>v.<br><br>LAWRENCE TENORIO LAGUANA,<br><br>Defendant. | CRIMINAL CASE NO. CF 0588-12<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 23rd day of August, 2013, for hearing on the Defendant's Motion to Dismiss for Lack of Jurisdiction. Attorney Curtis Van de veld represented the Defendant, and Assistant Attorney General Matthew Heibel represented the People of Guam. For the reasons set forth below, the Defendant's motion is denied.

### I. Factual and Procedural Background

The Defendant, a public school teacher, stands accused of criminal sexual conduct and official misconduct stemming from allegations that he engaged in a sexual relationship with a minor student.

The Defendant has moved to dismiss the criminal sexual conduct charges for lack of jurisdiction based on the statute of limitations. He argues that 8 GCA § 10.15 governs, that the statute had run by the time the People indicted the Defendant, and that the public officer

misconduct exception in 8 GCA § 10.40 is not applicable to this case. The Defendant also argues that the official misconduct charges are improperly pled because they fail to allege sufficient facts to bring the allegation within the scope of the public officer misconduct exception of 8 GCA § 10.40. The People oppose, arguing that the public officer misconduct exception is applicable, and that the indictment is sufficient as pled.

The Court originally heard this motion on March 1, 2013, at which time the parties were given leave to submit additional briefing. On June 28, 2013, the Court granted a further continuance. At hearing on August 23, 2013, the Court set August 30, 2013 as the deadline for the submission of supplemental briefs. Having received none, the Court took this matter under advisement on the briefs on file, which appear to the Court to be sufficient to allow it to rule.

## II. First and Second Charges: Statute of Limitations

At the outset, the Court notes that the provisions of 8 GCA §§ 10.16-10.17 allowing for the prosecution of criminal sexual conduct at any time are inapplicable here. Those statutes explicitly exclude from their scope offenses that would have been barred by the existing statutory scheme – 8 GCA §§ 10.15 and 10.20 – prior to the enactment of 8 GCA §§ 10.16-10.17.

8 GCA § 10.20 provides, in relevant part, that "[a] prosecution of criminal sexual conduct involving persons under the age of consent shall be in accordance with § 10.15 of this Title[.]" 8 GCA § 10.15, in turn, provides that "[a] prosecution for a [criminal sexual conduct], involving a person under the age of majority, may be commenced up to three (3) years after the minor reaches the age of majority." Thus, in general, under 8 GCA §§ 10.20 and 10.15, the statute of limitations for criminal sexual conduct involving a minor elapses three years after the minor reaches the age of majority.

However, 8 GCA § 10.40 provides for an exception to the otherwise-applicable statutes of limitations in cases where the Defendant is a public employee:

> Notwithstanding §§ 10.20 and 10.30, a prosecution may be commenced against a public officer or employee or any person acting in complicity with such public officer or employee for any offense based upon misconduct in office by such public officer or employee at any time while such public officer or employee continues in public office or employment or within three (3) years thereafter.

The plain language of the statute indicates that it supersedes 8 GCA § 10.20. The Defendant contends that it does not concomitantly supersede 8 GCA § 10.15, and that 8 GCA § 10.15 should function to bar the prosecution of this case. The Government argues that 8 GCA § 10.20 is the general statute governing felonies and refers to § 10.15 specifically for criminal sexual conduct, and that, in superseding the general statute, also supersedes the subordinate specific statute referenced by the general one.

In resolving this statutory ambiguity, the Court is guided by the history of the statute. 8 GCA § 10.40 replaced former criminal code § 799, which allowed prosecutions for theft of public funds and falsification of public records to be brought at any time. In replacing that statute with § 10.40, the legislature made the deliberate choice to broaden the scope of the exception to encompass "any offense based upon misconduct in office by [a] public officer or employee." The legislature declined to limit the scope of the public officer exception to an enumerated list of offenses as the predecessor statute did. Based on this legislative choice, it appears to the Court that the legislature's intent was for individuals in positions of public trust to be held accountable for all criminal acts they commit while in those positions of public trust.

This includes, in the Court's view, acts of criminal sexual conduct perpetrated by a public school teacher upon a minor student. The Court cannot conclude, as the Defendant urges, that the enactment and amendment of § 10.15 subsequent to the enactment of § 10.40 was intended by the Legislature to remove criminal sexual conduct involving a minor from the broad

scope of the public officer exception. The Committee Report on Bill No. 315, which was signed into law as Public Law 21-89 and enacted § 10.15, clarifies that the purpose of the enactment of § 10.15 was to give young victims of criminal sexual conduct an opportunity to come forward without having prosecution barred by a statute of limitations that would have expired while they were still tender in years and unready or unable to report the crime. The amendments effected by Public Law 30-49 broadened the scope of § 10.15 to include kidnapping, child pornography, and family violence cases, added specific references to the underlying criminal statutes, and set the tolling point at attainment of the age of majority rather than the age of consent.

Rather, the Court agrees with the Government's interpretation of § 10.20 as essentially incorporating § 10.15 by reference, and concludes that § 10.40 functions in this case to supersede § 10.15 via its supersession of § 10.20. This is the least unreasonable reading of the statutory scheme.

The Court does not hesitate to find that the Defendant was at all relevant times and is currently a public employee within the meaning of § 10.40, as he is in a position of great public trust as a public school teacher. It is equally clear to the Court that criminal sexual conduct with a minor student constitute an offense based upon misconduct in office within the meaning of § 10.40. Under § 10.40, the limitations period has not elapsed will not do so until three years after the Defendant leaves public employment. Accordingly, the Court finds that it has proper jurisdiction over the first and second charges of the Indictment, and the Defendant's motion to dismiss those charges must be denied.

### III. Third Charge: Sufficiency of Pleading

The Defendant further argues that the third charge of the indictment, accusing him with official misconduct. The third charge of the indictment, for official misconduct, alleges that the

Defendant had sexual intercourse with a student on school grounds. The Defendant argues that this allegation is insufficiently pled and fatally indeterminate with respect to the question of the applicable statute of limitations.

The Defendant relies on an Illinois Appellate Court decision, *People v. Munoz*, 23 Ill.App.3d 306 (2d Dist. 1974), for the proposition that, where an exception exists to a general statute of limitations, a criminal indictment must plead facts sufficient to bring the allegations within the scope of that exception, or else be dismissed. Even if such a rule were adopted in Guam – and the Court notes that it has not been – the indictment in this case would allege sufficient facts to bring the charge of official misconduct clearly within the scope of 8 GCA § 10.40.

The Defendant points to another Illinois case, *People v. Collins*, 301 Ill.App.3d 529 (2d Dist. 1998), in which the intermediate appellate court ruled that a sexual act committed by a teacher upon a minor in a junior high school parking was not an "offense based upon misconduct in office" within the meaning of the relevant Illinois statute. However, as the Government points out, that case involved a teacher and a minor who knew each other only because they were neighbors outside of school, and who had never had any teacher-student relationship. The minor in that case did not even attend the school where the teacher taught and in whose parking lot the sexual acts occurred. The Illinois court relied upon these crucial facts in ruling that the teacher was not acting in an official capacity.

This case is quite different. Here, the state alleges that the victim was one of the Defendant's students and that the sexual acts occurred in the Defendant's classroom. The Court notes the special character of the position of public trust and authority that a teacher holds over a student, and the inherent, state-granted power wielded by a teacher that permeates a teacher's

interactions with a student. The Court concludes that the facts as pled by the Government in the third charge of the Indictment are amply sufficient to articulate an offense based on upon misconduct in office and thereby to bring the charge within the scope of 8 GCA § 10.40. The Defendant's motion to dismiss the third charge must accordingly be denied.

## CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss for Lack of Jurisdiction is **DENIED** in full.

IT IS SO ORDERED: _____.



HONORABLE ARTHUR R. BARCINAS
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagatna Guam

OCT 1 1 2013



Scott E. Hermosilla
Deputy Clerk
Superior Court of Guam